**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                              No. 96-4502

CLAUDE ROGER HALL,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Elizabeth V. Hallanan, District Judge.
(CR-96-61)

Submitted: April 17, 1997

Decided: May 1, 1997

Before NIEMEYER and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

R. Thomas Czarnik, Princeton, West Virginia, for Appellant. Rebecca
A. Betts, United States Attorney, Margaret A. Hickey, Assistant
United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Claude Roger Hall pled guilty to being a felon in possession of a weapon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (1994). On appeal, he alleges that the district court erred in sentencing by failing to grant him a reduction for acceptance of responsibility by two or three levels under the sentencing guidelines. USSG§ 3E1.1.* For the reasons that follow, we affirm.

A defendant who demonstrates affirmative acceptance of responsibility for his criminal conduct may have his offense level reduced by two or three levels, but he must demonstrate that he is entitled to the adjustment by a preponderance of the evidence. See United States v. Harris, 882 F.2d 902, 907 (4th Cir. 1989). A guilty plea does not automatically entitle the defendant to a reduction for acceptance of responsibility. Id. at 905-06. Mere acceptance of the fact of conviction is not acceptance of responsibility. See United States v. Harriott, 976 F.2d 198, 202 (4th Cir. 1992). Rather, to earn a reduction, the defendant must show acceptance of responsibility for all his criminal conduct, not just for the counts of conviction to which he pled guilty. See United States v. Gordon, 895 F.2d 932, 936 (4th Cir. 1990). The defendant need not admit to relevant conduct outside count of conviction, but may not falsely deny or frivolously contest relevant conduct which a district court finds true. USSG § 3E1.1, comment. (n.1(a)). The district court has great discretion in applying the adjustment for acceptance of responsibility and whether the reduction is warranted is a factual issue not to be disturbed unless clearly erroneous. See United States v. Curtis, 934 F.2d 553, 557 (4th Cir. 1991).

The district court's grounds for denying Hall a downward adjustment were twofold. First, Hall continued to deny that he knew that it was illegal for him to possess a firearm, notwithstanding his state parole officer's admonitions to the contrary. Second, the incident which led to his arrest revealed that Hall took a child hostage and fired seven shots at police, with one bullet hitting a squad car's wind-

_____

*United States Sentencing Commission, Guidelines Manual ("USSG") (Nov. 1995).

2

shield. Nonetheless, Hall maintained that he never intended to shoot the police officers nor aimed a firearm at them. Thus, we do not find that the district court clearly erred by denying Hall an adjustment for acceptance of responsibility. Accordingly, we affirm his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED